PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELSEBETH BAUMGARTNER, | ) | |
| | ) | CASE NO. 1:10CV2811 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LaSHAUN EPPINGER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 18] |

On December 13, 2010, Petitioner Elsebeth Baumgartner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging six grounds for relief which challenge the constitutional sufficiency of her conviction and sentence. The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. On June 21, 2011, Petitioner filed a Motion for Appointment of Counsel (ECF No. 15). The Magistrate Judge entered a Memorandum and Order (ECF No. 17) denying the motion, to which Petitioner timely objected (ECF No. 18). *See* Fed. R. Civ. P. 72(a).[1]

---

[1] This Rule provides in relevant part:
When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

(1:10CV2811)

Petitioner seeks the appointment of counsel to assist her in effectively presenting her claims in these proceedings.[2] Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review. See *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (the district court did not err in denying plaintiff a court appointed attorney because he had no constitutional right to appointed counsel in a civil case).

> It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006) (Boyko, J.) (citations omitted).

Here, the Court is not persuaded that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. It does not appear that an evidentiary hearing will be required to resolve the grounds for relief raised by Petitioner. Furthermore, the record reflects that Petitioner, a former attorney, has effectively argued her position without the benefit of

---

[2] As noted by Magistrate Judge McHargh, Petitioner actually has three petitions for writ of habeas corpus pending in this court. *See also Baumgartner v. Eppinger*, No. 3:10CV678 (N.D. Ohio) (filed March 31, 2010) (Polster, J.), and *Baumgartner v. Eppinger*, No. 1:10CV2810 (N.D. Ohio) (filed Dec. 13, 2010) (Pearson, J.). *See* ECF No. 17 at 1 n. 1. Petitioner filed motions for appointment of counsel in all three cases, but has only filed objections to the denial of her motions in the above-entitled action and Case No. 1:10CV2810.

2

(1:10CV2811)

counsel. Moreover, resolution of her claims is not so complex that the appointment of an attorney is required. Finally, the Court does not find that Petitioner's ability to investigate and present her claims warrants the appointment of counsel. The Magistrate Judge's order contains nothing that is clearly erroneous or contrary to law. Therefore, the Court overrules Petitioner's objections to the Magistrate Judge's Memorandum and Order denying Petitioner's request for the appointment of counsel.

    IT IS SO ORDERED.

| | |
|---|---|
| July 19, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |