UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


ELSEBETH BAUMGARTNER,            )  1:10CV2811
                                 )
              Petitioner         )  JUDGE BENITA PEARSON
                                 )  (Magistrate Judge Kenneth S. McHargh)
         v.                      )
                                 )
LaSHAUN EPPINGER,                )
         Warden,                 )
                                 )
              Respondent         )  REPORT AND RECOMMENDED
                                 )  DECISION OF MAGISTRATE JUDGE


McHARGH, MAG. J.

        The petitioner Elsebeth Baumgartner ("Baumgartner") has filed a petition[1]

for a writ of habeas corpus, arising out of her 2006 convictions for several counts of

intimidation and retaliation, in the Cuyahoga County (Ohio) Court of Common

Pleas.  In this petition, Baumgartner raises six grounds for relief:

        1.  Petitioner's indictment, convictions, and sentence of four years in
        prison for email communications to the retired judge assigned her civil
        cases in Ottawa County, Ohio, and federal civil rights lawsuits filed in
        West Palm Beach, Florida, and Toledo, Ohio, United States District
        Courts reporting alleged case fixing in Ohio state courts similar to that
        prosecuted by the US Attorney's Office in Cuyahoga County for
        intimidation (RC 2921.03) and retaliation (RC 2921.05) violate the
        First Amendment and Fourteenth Amendment to the United States
        Constitution in that the statues are overbroad, facially and as applied,
        content based, and chill protected core political speech and the right to
        petition for redress of grievances.

        _____

        [1]  Baumgartner actually has three petitions for writ of habeas corpus pending
        in this court.  See also Baumgartner v. Clipper, No. 3:10CV0678 (N.D. Ohio) (filed
        Mar. 31, 2010), and Baumgartner v. Shewalter, No. 1:10CV2810 (N.D. Ohio) (filed
        Dec. 13, 2010).

2.  Petitioner's indictment, conviction, and sentence of four years for intimidation (RC 2921.03) and retaliation (RC 2921.05) arising from emails reporting attorney and judicial misconduct and federal lawsuits filed reporting attorney and judicial misconduct violate the Fifth Amendment and Fourteenth Amendment to the United States Constitution (Due Process Clause) because the statutes are void for vagueness in that the statutes do not give fair notice.

3.  Petitioner's no contest pleas were not knowingly, intelligently, and voluntarily made because the indictment was defective and the pleas were induced by a plea deal that was breached by the trial court and the State in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4.   Petitioner's indictment, conviction and sentence are the result of selective prosecution in violation [of] the First and Fourteenth Amendments to the US Constitution.

5.  Petitioner was denied her right to a fair trial pursuant to the Sixth Amendment and her right to appellate review due [to] actual judicial bias including acting without jurisdiction.

6.  Petitioner was denied a fair trial due [to] prosecutorial misconduct and effective assistance of trial and appellate counsel by the invasion of the attorney client relationship including seizure of attorney client and attorney work product material and the withholding and willful destruction of exculpatory evidence in violation of the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

(Doc. 1, § 12.)

Currently before the court is the respondent's motion to dismiss the petition

as procedurally defaulted.  (Doc. 7.)

Baumgartner has failed to file an opposition to the motion to dismiss.

Although Baumgartner is proceeding pro se, she is a former attorney.  See generally

Office of Disciplinary Counsel v. Baumgartner, 100 Ohio St.3d 41, 796 N.E.2d 495

(2003) (permanently disbarred).)

2

The respondent filed the motion to dismiss on March 18, 2011.  (Doc. 7.) Baumgartner filed her first motion for extension of time to file her opposition on April 19, 2011.  (Doc. 9.)  That motion was granted, and an extension was granted until May 18.  (Doc. 10.)  Baumgartner filed her second motion for extension of time on May 19.  (Doc. 11.)  That motion was granted, and an extension was granted until June 16.  (Doc. 12.)  Baumgartner filed her third motion for extension of time on June 21.  (Doc. 14.)

On June 24, 2011, the court granted her third motion for extension of time. (Doc. 17.)  The court noted that it was granting a final extension of time, until July 22, 2011, and that no further extensions would be granted.  (Doc. 17, at 6.)

Nevertheless, Baumgartner filed another motion for extension of time on July 26.  (Doc. 21.)  Because there had been objections pending with the District Judge (doc. 18, 20), the court granted another extension, until August 9.  (Doc. 23.)

The most recent (fifth) motion for extension of time was filed on August 11, requesting an extension to file until August 19.  (Doc. 24.)  Although her proposed date of August 19 has come and gone, no opposition has been filed.  The court denied her fifth motion for an extension of time on August 31, 2011.  (Doc. 27.) Thus, her opposition was due on August 9, 2011.  Despite the numerous extensions of time granted by the court, no opposition has been filed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural

background:

> The Cuyahoga County Grand Jury indicted Baumgartner in two
> separate cases.  On August 15, 2005, in Case No. CR-470184, the
> grand jury indicted Baumgartner on eleven counts of intimidation, two
> counts of retaliation, one count of possessing criminal tools, and four
> counts of falsification.
>
> The above indictments stemmed from Baumgartner's conduct against
> retired Judge Richard Markus ("Judge Markus").  Judge Markus
> presided as a retired visiting judge over civil cases in Erie and Ottawa
> counties involving Baumgartner.  In those proceedings, Judge Markus
> found Baumgartner to be a vexatious litigator and found her liable to
> opposing parties.
>
> At the conclusion of the civil cases, Judge Markus complained to law
> enforcement officials about Baumgartner's conduct during the
> pendency of the civil matter.  Judge Markus specifically complained
> that Baumgartner, in an effort to intimidate him, repeatedly sent him
> e-mails accusing him and other public officials of wrongdoing.  The
> indictments also charged Baumgartner with allegedly sending e-mails
> containing materially false information to Judge Markus's three adult
> children, in an effort to intimidate Judge Markus.
>
> On March 23, 2006, in Case No. CR-478555, the grand jury returned a
> second multi-count indictment against Baumgartner.[2]
>
> * * * * *
>
> The second set of indictments stemmed from Baumgartner's alleged
> conduct against Bryan Dubois, her co-defendant in the first case.  The
> indictment charged Baumgartner with retaliating against Dubois and

---

[2]  This habeas petition arises out of Case No. CR-470184.  See doc. 1, at §1(b).
The second, related case (CR-478555) is the subject of a separate habeas petition
(No. 1:10CV2810).  To the extent possible, events relating solely to the second case
(CR-478555) will not be recited in this memorandum.

his wife for their alleged role as government witnesses in Baumgartner's first case.

* * * * *

On November 15, 2006, pursuant to a plea agreement with the State, Baumgartner pleaded no contest to ten counts of intimidation and two counts of retaliation in Case No. CR-470184.  Pursuant to the plea agreement, the State dismissed the remaining charges.  The trial court found Baumgartner guilty of seven counts of intimidation and two counts of retaliation in Case No. CR-470184.

* * * * *

On December 21, 2006, in Case No. CR-470184, the trial court sentenced Baumgartner to concurrent prison terms of four years on each count.  In Case No. CR-478555, the trial court also sentenced Baumgartner to concurrent prison terms of four years on each count. The trial court ordered the sentences in the two cases to be served consecutively for a total of eight years in prison.

(Doc. 7, RX 90, at 1-3; State v. Baumgartner, No. 89190, 2009 WL 344988, at *1-*2

(Ohio Ct. App. Feb. 12, 2009).)

<u>A.  Direct Appeal</u>

Baumgartner, through counsel, filed a timely appeal, which raised the

following eight assignments of error:

1. Appellant's convictions on all 15 counts must be reversed because the State's proffers were insufficient to establish the offenses.

2. Venue is improper for all the counts in both indictments, requiring reversal of Appellant's convictions.

3. Defendant-Appellant's no contest pleas in both cases were not knowingly, intelligently and voluntarily made and the indictment in Case No. 06-CR-478555 is defective in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Art. I, Sec. 16 of the Ohio Constitution.

5

4.  [Concerned conviction in Case No. 478555 only.]

5. The retaliation statute [R.C. 2921.05] and the intimidation statutes [both R.C. 2921.04(B) and R.C. 2921.03] and are overbroad on their face, while R.C. 2921.05 and R.C. 2921.04(B) are also overbroad as applied in this case and, as such, violate Appellants' right of access to the courts, due process, and her right to speech and to petition for redress of grievance under the First and Fourteenth Amendments and Art. IV of the United States Constitution and Sec. 11, Art. I of the Ohio Constitution.

6. [Concerned conviction in Case No. 478555 only.]

7.  R.C. 2921.03(A) constitutes an unconstitutional content-based regulation of speech in violation of the First Amendment to the U.S. Constitution and Sec. 11, Art. I of the Ohio Constitution, requiring a reversal of Appellant's convictions on Counts 1, 4, 5, 6, 7, 8, 9, and 10, in Case No. 470184.

8.  Public policy dictates that Appellant should have absolute immunity from criminal prosecution for making false allegations within civil law suits, requiring a reversal of her convictions on Counts 8, 9, 10, 12 and 13 in case No. 470184.

(Doc. 7, RX 77.)

The court of appeals noted that the sentencing entries for certain counts failed to reflect the sentences imposed, and remanded to the trial court to correct the deficiencies.  (Doc. 7, RX 80.)  The trial court issued corrected sentencing entries.  (Doc. 7, RX 101-102.)  Baumgartner filed a timely notice of appeal from the corrected sentencing entries (doc. 7, RX 103-104), and moved to consolidate the cases for the purposes of appeal, which was granted and the appeals were consolidated.  (Doc. 7, RX 84, 106.)

6

With leave of court, Baumgartner raised the following additional assignment of error:

> [9.]  In Case Nos. 470184 and 478555, the trial court committed reversible error in its February 27, 2008, judgment entries because the Court's findings of guilt, along with the sentences and fines imposed therein, differ from the pronouncements of judgment and sentence in the Appellant's presence, in violation of her rights to due process and to counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Secs. 10 and 16 of the Ohio Constitution, along with Ohio Crim. R. 43(A).

(Doc. 7, RX 85.)

The state conceded several errors in sentencing, and urged the court of appeals to remand for resentencing.  (Doc. 7, RX 86.)  The court of appeals noted "clerical errors" and other faults in the trial court's journal entries, but said that "[t]hese errors do not affect the instant appeal," and gave instructions to correct the errors.  (Doc. 7, RX 90, at 19; Baumgartner, 2009 WL 344988, at *8.)  The trial court subsequently issued an amended judgment entry, reflecting the corrections. (Doc. 7, RX 132.)

As to the original assignments of error, the state court of appeals overruled her eight assignments of error and affirmed her convictions.  (Doc. 7, RX 90; Baumgartner, 2009 WL 344988.)  The court denied her motion for reconsideration. (Doc. 7, RX 93.)

Baumgartner next filed an appeal to the Supreme Court of Ohio.  She set forth the following sole proposition of law:  "When artistic expression does not reasonably encompass a true threat, criminalizing that expression as retaliation

under R.C. 2921.05 or intimidation under R.C. 2921.03 violates First Amendment free speech protections."  (Doc. 7, RX 98.)  The appeal addressed the circumstances of her conviction in the companion case, No. 478555, and did not appear to relate to the conviction in Case No. CR-470184, which is the subject of this habeas petition. See generally doc. 7, RX 98, at 2.

On July 1, 2009, the state high court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 99; State v. Baumgartner, 122 Ohio St.3d 1457, 908 N.E.2d 946 (2009).)  Finally, the U.S. Supreme Court denied her petition for a writ of certiorari on Nov. 30, 2009. (Doc. 7, RX 100; Baumgartner v. Ohio, 130 S.Ct. 754 (2009).)

## B.  Post-Conviction Petition

Baumgartner had also filed a petition for post-conviction relief, on Sept. 29, 2008.  The petition was based on three claims:

1.  The Sentencing Entry of February 27, 2008 is a void judgment because the Court acted unlawfully and in violation of US Constitution Article IV (privileges and immunities clause) and Article VI (Supremacy Clause and Oath of office).

2.  The Court engaged in judicial misconduct in violation of the 14th Amendment of the US Constitution guaranteeing equal protection of the law and due process.  The Court was not a neutral magistrate and based its decisions on race, gender, religious and political affiliation. The Court engaged in cruel and unusual punishment by incarcerating Petitioner several times for her exercise of her first Amendment rights without notice and required hearings. The Court acted as prosecutor and interfered with attorney client privilege and work product by allowing confiscation of legal work.

8

3.  Prosecutorial misconduct and/or vindictiveness in violation of the
14th Amendment.  Includes intentional withholding and/or destruction
of Brady material in two counties.

(Doc. 7, RX 123.)  Baumgartner's motion to vacate or set aside sentence was denied

by the trial court on Oct. 15, 2008.  (Doc. 7, RX 125.)

### C.  Motion to Withdraw Pleas

On Oct. 20, 2008, Baumgartner filed a motion to withdraw her "no contest"

pleas in both of the criminal cases.  (Doc. 7, RX 126.)  The motion was based on two

arguments:

1.  The Defendant should be permitted to withdraw her no contest
pleas in Case Nos. 05-470184 and 06-478555 because the plea
agreement has been breached by the imposition of extraordinary
appeal bond conditions which were not a part of her plea agreement
and which resulted in the revocation of her bond.

2.  The State has breached the plea agreement by taking the position
on appeal that it did not agree that Mrs. Baumgartner would be
permitted to appeal the sufficiency of its proffers on the counts of
which she was convicted.  Alternatively, if Mrs. Baumgartner did not
preserve this right, or such an appeal is unavailable to her by law, her
pleas were not intelligently and voluntarily entered into because her
reasonable understanding of the terms of the plea agreement was that
she would be permitted to appeal the sufficiency of the proffers.

(Doc. 7, RX 126.)  The motion to withdraw plea was denied.  (Doc. 7, RX 128.)

### D.  Application to Re-Open

Baumgartner filed a timely application to re-open her appeal, based on

ineffective assistance of appellate counsel, on June 3, 2009.  (Doc. 7, RX 133.)  She

claimed appellate counsel was ineffective for failing to raise the following eight

claims on direct appeal:

1.  Appellant's sentences in 470-184 and 478-555 are contrary to law and constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution and violate double jeopardy under the Fifth Amendment to the United States Constitution because the eight year sentence is comprised of multiple punishment for a single act and is in retaliation for exercising her First Amendment rights to comment on government and matters of public concern and petition for redress of grievances and or based on her race, gender, ethnicity, and religious beliefs in violation of Appellant's rights under the First Amendment and equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

2.  Appellant's No Contest Pleas to all counts in 470-184 and 478-555 wer[e] not knowingly voluntarily and intelligently made in violation of her rights under the due process clause of the Fourteenth Amendment to the United States Constitution and Art. I Section 16 of the Ohio Constitution because the Court breached the terms of the plea by adding non negotiated conditions to the Appeal bond and Appellant believed the right to challenge the sufficiency of the proffers was a term of her plea agreement.

3.  Appellant was denied effective representation of counsel and her right to a fair trial in violation of the Sixth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment by the seizure and destruction of her legal computer which contained attorney client and work product protected material by the state and the destruction of her website as part of a plea agreement with her co-defendant with the approval of the trial court judge and her rights under the Fourth Amendment to the United States Constitution and under Article 14 Article I of the Ohio Constitution to be free from unreasonable searches and seizures were violated by the February 1, 2006 search of her residence and the trial court erred in denying her motion to suppress the evidence seized.

4.  RC 2921.03, 2921.04 and 2921.05 are content based, overbroad and vague in violation of the First Amendment to the United States Constitution and Article I Section[s] 11 and 16 of the Ohio Constitution facially and as applied because they unlawfully target a particular viewpoint and reach a substantial amount of constitutionally protected conduct in the areas of speech, press, association, conscience and the right to petition for redress of grievances.

10

5.  R.C 2921.03, R.C. 2921.04(B) and R.C. 2921.05 are void for vagueness under the due process clause.

6.  The trial court erred by failing to dismiss the case for violations of Appellant's right to a speedy trial in violation of the Sixth Amendment to the United States Constitution and her statutory rights under Ohio RC 2945.71(C)(2) and 2945.73(B).

7.  The selective prosecution and incarceration of a Christian civil rights activist, pro se litigant and internet publisher/writer for her internet telecommunications and written statements in US District Court civil rights lawsuits that criticizes, parodies, and or reports misconduct that is required to be reported by law violates the Defendant's rights under the due process and equal protection clauses of the Fourteenth Amendment, the First Amendment, Article IV of the US Constitution and Article I Section 11 of the Ohio Constitution.  And is contrary to public policy.

8.  The Trial Court's findings of guilt upon entry of a No Contest plea was an abuse of discretion because the Indictments contained no facts and elements were specifically negated by the explanation proffered in violation of the due process and equal protection clauses to in the Fourteenth Amendment to the US Constitution and Ohio's differing standards of appellate review for misdemeanor and felony no contest pleas and Federal Crim. R. 11.  Violate the due process/equal protection clauses of the 14th Amendment.

(Doc. 7, RX 133.)  The motion to reopen was denied on Aug. 24, 2009.  (Doc. 7, RX 135; State v. Baumgartner, No. 89190, 2009 WL 2620510 (Ohio Ct. App. Aug. 24, 2009).)  Baumgartner did not file a timely appeal of this decision to the Supreme Court of Ohio.


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III.  PROCEDURAL DEFAULT

The respondent contends that the claims of the petition have been procedurally defaulted.  (Doc. 7, at 19-22.)

A habeas petitioner cannot obtain relief unless she has completely exhausted her available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

On direct appeal, Baumgartner raised the first ground of her petition (overbroad, content-based state statutes) in her fifth and seventh assignments of error to the court of appeals.  See generally doc. 7, RX 77.  The second ground, that

13

the same statutes were void for vagueness, as a due process violation, was not presented as the same argument on appeal.  (Her fifth assignment of error claimed that the statutes violated due process in that they were overbroad as applied.)  Id. She raised the third ground, that her no contest pleas were not knowingly or intelligently made, in her third assignment of error.  Id.

The fourth ground (selective prosecution) does not appear to have been raised in the state courts at all.  The Supreme Court of Ohio will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  Baumgartner can no longer raise this claim in state court, as it would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

The fifth ground, alleging judicial bias, and the sixth ground, claiming prosecutorial misconduct, were also not raised on direct appeal, although Baumgartner attempted to raise these arguments in her petition for post-conviction relief.  See generally doc. 7, RX 123.  The Ohio rule of res judicata bars claims for post-conviction relief that could have raised on direct appeal.  See, e.g., State v. Lentz, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994) (syllabus); State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104  (1967) (syllabus, ¶ 9).  The petition was denied by the trial court (doc. 7, RX 125), and Baumgartner failed to appeal that decision.  A

delayed appeal is not available for the appeal of a post-conviction relief determination.  State v. Nichols, 11 Ohio St.3d 40, 43, 463 N.E.2d 375, 378 (1984).

However, the respondent points out that Baumgartner failed to raise <u>any</u> of the grounds of the petition concerning her conviction in Case No. 470184 before the Supreme Court of Ohio.  (Doc. 7, at 19; see generally doc. 7, RX 98.)  Thus, her claims have been procedurally defaulted.  Rust, 17 F.3d at 160 (highest court in state must be given full and fair opportunity to rule on claims).

The motion to dismiss the petition (doc. 7) should be granted.

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus should be dismissed.


Dated:  _Sept. 7, 2011_                     _/s/ Kenneth S. McHargh_
                                            Kenneth S. McHargh
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).