PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELSEBETH BAUMGARTNER, | ) | |
| | ) | CASE NO.  1:10CV2811 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LaSHAUN EPPINGER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 7, 31, 32, 33, 34, 35, |
| | ) | 38, and 41] |

Petitioner Elsebeth Baumgartner, an Ohio prisoner proceeding *pro se*, filed a Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging six (6) grounds for

relief which challenge the constitutional sufficiency of her conviction and sentence in Cuyahoga

County, Ohio Court of Common Pleas Case No. CR-05-470184-A.[1]

The case was referred to Magistrate Judge Kenneth S. McHargh for a Report and

Recommendation.  After Respondent filed a Motion to Dismiss (ECF No. 7), the Magistrate

Judge issued a Report and Recommended Decision (ECF No. 28) recommending that the motion

be granted and the petition be dismissed upon the grounds that Petitioner has procedurally

defaulted her claims in state court.  Petitioner filed objections to the Magistrate Judge's Report

---

[1] Petitioner actually has three petitions for writ of habeas corpus pending in this
court.  *See also Baumgartner v. Eppinger*, No. 3:10CV678 (N.D. Ohio) (filed March 31,
2010) (Polster, J.), and *Baumgartner v. Eppinger*, No. 1:10CV2810 (N.D. Ohio) (filed
Dec. 13, 2010) (Pearson, J.).

(1:10CV2811)

(ECF No. 34).  This Court, after reviewing the objections, hereby adopts the Report and

dismisses the petition for the reasons set forth in Section III. B. below.

## I. Facts

In August 2005, Petitioner was indicted on eleven counts of intimidation (Counts 1-11),

two counts of retaliation (Counts 12 and 13), one count of possessing criminal tools (Count 14),

and four counts of falsification (Counts 15-18) in Case No. CR-05-470184-A.  Exhibit 1 (ECF

No. 7-1 at 1-6).  The indictments stemmed from Petitioner's conduct against Judge Richard

Markus ("Judge Markus"), a retired state court judge.  Judge Markus presided as a retired visiting

judge over civil cases involving Petitioner.

On November 15, 2006, pursuant to a plea agreement with the State, Petitioner pleaded

no contest to ten counts of intimidation (Counts 1 and 3-11) and two counts of retaliation

(Counts 12 and 13).  Pursuant to the plea agreement, the State dismissed the remaining charges

(Counts 2 and 14-18).  The trial court found Petitioner guilty of eight counts of intimidation

(Counts 1, 4, 5, 6, 7, 8, 9, and 10) and two counts of retaliation (Counts 12 and 13).  ECF No. 8-3

at 47-159.  The trial court also found Petitioner not guilty of two counts of intimidation (Counts

3 and 11).  ECF No. 8-3 at 60-61, 79-80, and 145.

On December 21, 2006, the trial court sentenced Petitioner in Case No. CR-05-470184-A

to concurrent prison terms of four years on each count.  The trial court also sentenced Petitioner

in a separate case (Case No. CR-06-478555-A) to concurrent prison terms of four years on each

count.  The trial court ordered the sentences in the two cases to be served consecutively for a

total of eight years in prison.  The Journal Entry in Case No. CR-05-470184-A states in relevant

(1:10CV2811)

part: ". . . The Court imposes a prison sentence at the Ohio Reformatory for Women of 4 year(s).

4 years on each of Counts 1, 3, 4, 6, 7, 8, 9, and 10.  Counts to run concurrent to each other, but

sentence to run consecutive to CR 478555. . . ."  Exhibit 71 (ECF No. 7-1 at 284).

 On February 4, 2008, the Eighth District Court of Appeals of Ohio filed a Journal Entry

in Case No. 89190 that provides in pertinent part:

> This Court remands this appeal to the trial court to eliminate an apparent
> jurisdictional impediment.  R.C. 2505.02 and State v. Brown (1989), 59 Ohio
> App.3d 1.  In reviewing the record for . . . Case No. CR[ ] 470184 this court could
> not find a Journal Entry sentencing Baumgartner on Counts 5, 12, and 13,
> although the trial court entered convictions for those counts.  Thus, the court
> remands for resolution of those outstanding counts.  Case returnable in thirty days.

Exhibit 80 (ECF No. 7-2 at 132).

 On February 27, 2008, the trial court entered a Journal Entry that states:

> At the request of the Court of Appeals this court makes the following entry.
> Defendant in court.  Counsel Frank Gasper present.  Additional counsel Mike
> Peterson present.  Court reporter present.  On a former day of court, the defendant
> plead[ed] no contest and was found guilty by the court of intimidation 2921.03 -
> F3 as charged in Count(s) 1, 3, 4, 5, 6, 7, 8, 9, 10 of the indictment.  On a former
> day of court, the defendant plead[ed] no contest and was found guilty by the court
> of retaliation 2921.05 - F3 as charged in count(s) 12, 13 of the indictment.
> Defendant addresses the court.  The court considered all required factors of the
> law.  The court finds that prison is consistent with the purpose of R. C. 2929.11.
> The court imposes a prison sentence at the Ohio Reformatory for Women of 4
> year(s).  4 years on each of counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.  Counts
> to run concurrent to each other, but sentence to run consecutive to
> CR 478555.  Post release control explained.  Post release control is part of this
> prison sentence for 3 years for the above felony(s) under R.C.2967.28.  The
> defendant is ordered to pay a fine in the sum of $ 3,000.00.  (Fine of $250.00 on
> each of counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.)  Defendant is to pay court
> costs.

Exhibit 101 (ECF No. 7-3 at 1).

(1:10CV2811)

In February 2009, the Eighth District Court of Appeals of Ohio affirmed Petitioner's

convictions and remanded the case to the trial court for correction of the Journal Entry.  The

court stated:

> A review of the record indicates that the trial court's subsequent journal
> entry, dated February 2[7], 2008, contains clerical errors.  The journal entry
> incorrectly states that the trial court sentenced Baumgartner to four-year
> concurrent prison terms and fined $250 on Counts 3 and 11 of Case No.
> CR-470184.  However, the transcript clearly states, and the State of Ohio
> concedes, that the trial court found Baumgartner not guilty of Counts 3 and 11 of
> Case No. CR-470184.
>     These errors do not affect the instant appeal; however, we vacate the
> sentences for the additional counts in Case No. CR-470184.  We also order the
> trial court to correct the journal entry in Case No. CR-470184 to reference the
> deletion of sentences in Counts 3 and 11.

*State v. Baumgartner*, No. 89190, 91207, 91208, 2009 WL 344988, at *8 (Ohio App. 8 Dist. Feb.

12, 2009) (Exhibit 90 (ECF No. 7-2 at 198-221)).

On September 8, 2009,  the trial court entered an Amended Judgment Entry (Exhibit 132

(ECF No. 7-4 at 9)).  It provides:

> This matter came before this court on remand from the Court of Appeals
> of Ohio, the Eighth Appella[te] District, Cuyahoga County for correction of a
> portion of the sentence of this defendant in [ ] this case number.
>     As pointed out by the Eighth Appella[te] District[,] a review of the record
> in this matter indicates that the trial court's entry of February 2[7], 2008 contained
> clerical errors.  The journal entry incorrectly stated that the defendant i[n] this
> matter was sentenced to a four-year prison term and fined $250.00 for being
> convicted of Counts 3 and 11 of this case number.  These counts, however, were
> dismissed by the trial court upon a finding of Not Guilty on or about November
> 15, 2006.  The Eighth Appella[te] District has ordered this court to correct the
> February 2[7], 2008 Journal Entry in this matter to reference the deletion of
> sentences in Counts 3 and 11.
>     Wherefore it is the order of this court that the Journal Entry filed on or
> about February 2[7],2008 in Case Number 470184 is hereby ordered amended to
> reflect that this defendant was found not guilty of Counts 3 and 11 in this matter
> and that therefore, these counts are hereby ordered dismissed.

4

(1:10CV2811)

On December 13, 2010, Petitioner filed the instant Petition for a Writ of Habeas Corpus

(ECF No. 1).

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the Magistrate Judge's Report and

Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate

Judge's Report to which Petitioner has properly objected.

## III.  Law & Analysis

### A.  Motion to Convert Petition From *28 U.S.C. § 2254* to *28 U.S.C. § 2241* Due to Lack of Final State Judgment

On December 21, 2011, Petitioner filed a motion asking the Court to convert her Petition

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to a petition filed under 28 U.S.C. §

2241.  *See* ECF No. 38.  Petitioner alleges that she is not detained pursuant to a final judgment of

the state court.  ECF No. 38 at 2.  She argues that the February 27, 2008 sentencing entry is void

because no hearing was conducted and neither she nor her attorney were present.  ECF No. 38 at

(1:10CV2811)

2-3.[2]  Petitioner asks the Court to convert her petition to a petition filed under 28 U.S.C. § 2241,

and to vacate the Report and Recommended Decision (ECF No. 28) because it is void for lack of

jurisdiction.  ECF No. 38 at 5.

There is no question that Petitioner was convicted and, thus, is not a pretrial or

pre-conviction detainee.  Thus, the more specific statutory provisions in 28 U.S.C. § 2254 govern

this case.  Additionally, because nothing requires courts to convert § 2254 petitions to petitions

under 28 U.S.C. § 2241, Petitioner fails to articulate a tenable claim.  *Allen v. White*, 185

Fed.Appx. 487, 489 (6th Cir. 2006).

### B.  ECF No. 33

Petitioner's Motion for Leave to File Objections to Magistrate [Judge] McHargh's

Recommendation and Report Beyond Fourteen Days From Service of the Report Instanter (Local

Rule 72.3(a)) (ECF No. 33) is granted without opposition.

### C.  Objections to the Magistrate Judge's Report

In her Objections (ECF No. 34), deemed filed as of November 7, 2011, Petitioner

rehashes the arguments she previously made to the Magistrate Judge.[3]  She concludes by stating:

---

[2]  Despite the fact that Petitioner alleges that she has repeatedly raised this claim of a void judgment, no Ohio court has held that Petitioner's sentencing entry was void.

[3]  Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to

(continued...)

6

(1:10CV2811)

> . . . if the record were complete[,] she would argue actual innocence to excuse any alleged procedural defaults.  She points out that her First Amendment Claim is not procedurally defaulted because her appeal was combined with case no[.] 478-555 and that Case did raise the First Amendment issue and challenged ORC 2921.03 and ORC 2921.05 on First Amendment grounds in the Ohio Supreme Court. Furthermore, the First Amendment issue was raised in the United States Supreme Court using examples from both cases to demonstrate the [statutes] should be invalidated on First Amendment grounds.  (See [1:10CV2810)])
>
> * * *
>
> Baumgartner intends to submit a limited argument on why her claims are not procedurally defaulted or[,] in the alternative[,] should be excused. . . .

ECF No. 34 at 22-23.  To date, however, Petitioner has not filed any further argument in the case at bar regarding the issue of whether she procedurally defaulted her claims in state court.

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

Petitioner procedurally defaulted her claims, a circumstance that typically precludes federal habeas review.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of

---

[3](...continued)

preserve the right to appeal must be mindful of the purpose of such objections:  to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

(1:10CV2811)

procedural default, he has waived those claims for purposes of federal habeas corpus review. . . ."); *see also* *Booth v. Carlton*, No. 95-6448, 1997 WL 135495, at *1  (6th Cir. March 24, 1997) (petitioner "procedurally defaulted his first claim as he did not present the issue to the highest state court, *see* 28 U.S.C. § 2254(b)").  However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto. . . .'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir.2005) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)); *see also* *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it.").  The Court finds Petitioner has not demonstrated both cause for the procedural default and actual prejudice arising from the alleged constitutional error.

### D.  ECF No. 31

Petitioner's Motion for an Order Granting Permission to File Documents With Judge Pearson in Youngstown, Ohio Due to Unreliability of the Office of the Clerk in Cleveland, Ohio in Accepting and Filing Documents (Fed. R. Civ. P. 5(d)(2)(B)) (ECF No. 31) is denied.

### E.  ECF No. 32

Petitioner's Motion for an Order Granting Petitioner the Right to Use the Court's Transmission Facilities to Make Service Under Rule 5(b)(2)(E) (Fed. R. Civ. P. 5(b)(3)) (ECF No. 32) is denied.

### F.  ECF No. 35

8

(1:10CV2811)

Petitioner's Motion for Filing of Motion for Enlargement of Time Until Ruling on Petitioner's Request for Resources Necessary to Presenting Claims *Pro se* to File Reply to Respondent Instanter Due to Failure of the Clerk's Office in Cleveland, Ohio (ECF No. 35) is denied.

### G. ECF No. 41

Petitioner's Motion for an Order to the Clerk to Provide *Pro se* Indigent Petitioner With File Stamped Copy of Application for Bond and a Copy of the Journal Entry Denying Application for Bond (ECF No. 41) is denied. On December 23, 2011, a copy of Petitioner's Application for Bond (ECF No. 39) was mailed to Petitioner at the North East Pre-Release Center. *See* Docket. Furthermore, on December 27, 2011, a copy of the Court's Non-Document Order denying Petitioner's Application for Bond was mailed to Petitioner at the North East Pre-Release Center. *See* Docket.

## IV. Conclusion

The Report and Recommendation of the Magistrate Judge is hereby adopted. Respondent's Motion to Dismiss (ECF No. 7) is granted. Elsebeth Baumgartner's Petition for a Writ of Habeas Corpus will be dismissed.

Petitioner's Motion to Convert Petition From 28 U.S.C. § 2254 to 28 U.S.C. § 2241 Due to Lack of Final State Judgment (ECF No. 38) is denied.

ECF No. 33 is granted.

ECF Nos. 31, 32, 35, and 41 are denied.

9

(1:10CV2811)

      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

.

IT IS SO ORDERED.

May 31, 2012
Date

Benita Y. Pearson
United States District Judge
10